FILED
July 16, 2026
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: KG
DEPUTY

AO 241 (Rev. 09/17)

**PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

| | |
|---|---|
| **United States District Court** of West Texas | District: Midland/Odessa |
| Name (under which you were convicted): Roy Lee Steinke | Docket or Case No.: **7:26-CV-272** |
| Place of Confinement : Robertson Unit | Prisoner No.: 01234350 |
| Petitioner (include the name under which you were convicted) Roy Lee Steinke | v. Respondent (authorized person having custody of petitioner) Eric Guerrero, Director |
| The Attorney General of the State of: Texas | |

**PETITION**

1. (a) Name and location of court that entered the judgment of conviction you are challenging:

   385th District Court, Midland Texas 79701

   (b) Criminal docket or case number (if you know): 28,411

2. (a) Date of the judgment of conviction (if you know): 2-11-2004

   (b) Date of sentencing: 2-12-2004

3. Length of sentence: 99 years

4. In this case, were you convicted on more than one count or of more than one crime? ☒ Yes ☐ No

5. Identify all crimes of which you were convicted and sentenced in this case:

   Guilty on counts I, II, IV, and V Not guilty counts III, VI
   99 years all count concurrently.

6. (a) What was your plea? (Check one)

   ☒ (1) Not guilty ☐ (3) Nolo contendere (no contest)
   ☐ (2) Guilty ☐ (4) Insanity plea

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to? N/A

(c) If you went to trial, what kind of trial did you have? (Check one)

☒ Jury ☐ Judge only

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☒ Yes ☐ No

8. Did you appeal from the judgment of conviction?

☒ Yes ☐ No

9. If you did appeal, answer the following:

(a) Name of court: 11th Court Of Criminal Appeals of Texas

(b) Docket or case number (if you know): 11-04-00072-CR

(c) Result: Counts II, and V Reversed and dismissed.

(d) Date of result (if you know): November, 10 2005

(e) Citation to the case (if you know): 2005 WL 300817 Lexis 9455 Tex.App - Eastland

(f) Grounds raised: Insufficient evidence, and Double Jeopardy

(g) Did you seek further review by a higher state court? ☒ Yes ☐ No

If yes, answer the following:

(1) Name of court: Texas Court Of Criminal Appeals

(2) Docket or case number (if you know): PD-1900-05

(3) Result: Denied

(4) Date of result (if you know): May, 24-2006

(5) Citation to the case (if you know): PD-1900-05

(6) Grounds raised:

(h) Did you file a petition for certiorari in the United States Supreme Court? ☐ Yes ☒ No

If yes, answer the following:

(1) Docket or case number (if you know):

(2) Result:

(3) Date of result (if you know):

(4) Citation to the case (if you know):

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court? ☒ Yes ☐ No

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court: Texas Court Of Criminal Appeals

(2) Docket or case number (if you know): WR-95,-934-01

(3) Date of filing (if you know): 2-13-2024

(4) Nature of the proceeding: Writ of Habeas Corpus

(5) Grounds raised: Actual Innocence, Ineffective Assistance of Counsel, Conflict of Interest, False Testimony, Objection to Laches.

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes ☒ No

(7) Result: Denied without written order

(8) Date of result (if you know): October 9, 2024

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court: Texas Court of Criminal Appeals

(2) Docket or case number (if you know): WR 95,934-01

(3) Date of filing (if you know): 11-18-2024 / 2-19-2025

(4) Nature of the proceeding: Motion for Rehearing/Reconsideration

(5) Grounds raised: Actual Innocence, Ineffective Assistance of Counsel, False Testimony

Conflict of Interest

Newly Discovered Evidence of Ralph Petty's "Unique Style and Formatting" of legal documents.

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes ☒ No

(7) Result: N/A

(8) Date of result (if you know):

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court: Texas Court of Criminal Appeals

(2) Docket or case number (if you know): WR 95,934-02

(3) Date of filing (if you know): 7-21-2025

(4) Nature of the proceeding: Writ of Habeas Corpus

(5) Grounds raised: New Law, New Facts, Miscarriage of Justice, Prosecutorial Misconduct / Judicail Bias / Speration of Powers Violation, Actual Innocence, Brady Claim, Ineffective Counsel, Equal Protection, and Newly Discovered evidence called Hapeas Appendix (A)

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes ☒ No

(7) Result: Dismissed (2) Supplemental Records and an ODI were suspended

(8) Date of result (if you know): 9-24-2025, 10-14-2025 ODI, 11-17-2025 2nd Supp. Record

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition: ☒ Yes ☐ No

(2) Second petition: ☒ Yes ☐ No

(3) Third petition: ☒ Yes ☐ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

N/A

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

GROUND ONE: Actual Innocence, Schlup Claim (IAC)

The complainant confused the name of her assailant. At trial after this it was claimed this person had "no access". Post-trial its discovered he fled after being accused and lived with the child. The Police in this case who investigated was the child's grandfather, and the nurse used the name Police gave her when she had "other names". The Article used was ignored. The medical states several "scars" that call into question the timeline, Suggestive Practices, and a Second taping after the State introduced Applicant's name. Applicant was never properly identified.

(b) If you did not exhaust your state remedies on Ground One, explain why: N/A

(c) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue? ☐ Yes ☒ No

(2) If you did not raise this issue in your direct appeal, explain why: Not Available

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Rehearing/Reconsideration 11.07 Writ of Habeas Corpus

Name and location of the court where the motion or petition was filed: Texas Court Of Criminal Appeals

Docket or case number (if you know): WR-95,934-01,-02

Date of the court's decision: 11-18-2024 9-24-2025

Result (attach a copy of the court's opinion or order, if available): "White Penny Postcard" Denied without written order

(3) Did you receive a hearing on your motion or petition? ☐ Yes ☒ No

(4) Did you appeal from the denial of your motion or petition? ☐ Yes ☒ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☐ Yes ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: N/A

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

N/A

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: (3) Motions for Rehearing/ Reconsideration

GROUND TWO: Ineffective Assistance of Counsel, (Equitable Tolling Gateway (Schlup))

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Counsel had a fundamental misunderstanding of the Law, he also conducted no investigation, allowed hearsay, violated Confrontation, destroyed his file, claimed Applicant was innocent. Failed to discover a tape where suggestive practices were used, then allowed a 2nd tape to be made. In 2005-2007 the Complainants Mother wrote Applicant. In 2006, she visited him. In 2010 a report was discovered. In 2011 Petty denied access to Counts. At least (3) investigators tried to find persons involved. Applicant Searched for Co-Counsel's with only a first name. (5) FOIA were done. Both County & City attorneys suppressed evidence. Both the MCSO and MPD suppressed evidence requests. Texts in 2018. Records denied in 2021, Habeas Appendix (A).

(b) If you did not exhaust your state remedies on Ground Two, explain why:

(c) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue? ☐ Yes ☒ No

(2) If you did not raise this issue in your direct appeal, explain why: Post-Conviction Discoveries

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Motion For Rehearing/Reconsideration

Name and location of the court where the motion or petition was filed: Texas Court Of Criminal Appeals

Docket or case number (if you know): N/A

AO 241 (Rev. 09/17)

Date of the court's decision: November, 18 2024

Result (attach a copy of the court's opinion or order, if available): Denied

(3) Did you receive a hearing on your motion or petition? ☐ Yes ☒ No

(4) Did you appeal from the denial of your motion or petition? ☐ Yes ☒ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☐ Yes ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: N/A

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

Texas CCA is the State's highest court in its bifurcated system.

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two : Made direct requests by Certified Mail to the District Attorney for non-priviledged evidence. Requested Micro Cassette from trial counsel (2) times.

**GROUND THREE:** Miscarriage of Justice (judicial bias - prosecutorial misconduct) (False Testimony) (Actual Innocence - Conflict of Interest)

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Ralph Petty's totality was suppressed, and the TCCA allowed pleadings from a conflicted office. The record proved Petty's involvement. False testimony was proven, but ignored, of an alternative suspect who fled after he was accused. The forensic report made no mention of an "abrasion". This was after the mother claimed the complainant gets the applicant and a suspect "confused" and Applicant's name is introduced.

(b) If you did not exhaust your state remedies on Ground Three, explain why: N/A

(c) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue? ☐ Yes ☒ No

(2) If you did not raise this issue in your direct appeal, explain why: Post-Conviction Discoveries

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Rehearing/Reconsideration

Name and location of the court where the motion or petition was filed: Texas CCA

Docket or case number (if you know): N/A

Date of the court's decision: November, 18 2024 / 2/19/2025

Result (attach a copy of the court's opinion or order, if available): Denied without written order

(3) Did you receive a hearing on your motion or petition? ☐ Yes ☒ No

(4) Did you appeal from the denial of your motion or petition? ☐ Yes ☒ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☐ Yes ☒ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: N/A

Docket or case number (if you know): N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available): N/A

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

Texas CCA is the State's highest court in its bifurcated system.

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three: Made direct requests to both District Attorneys. Discovered the "Tyler Odyssey Portal" which was used to discover Habeas Appendix (A), and Exhibits (U)(V).

**GROUND FOUR:** Brady Violation, (Suspension Clause - Judicial Bias )

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

In 2025, it was discovered "Corey" was arrested with "Shanel" in Oct 2001. An arrest warrant was issued in Oct. 2002 for "Corey". At trial, the DA mentions a "failure to ID" but never mentioned "Corey" was in Midland weeks before the offense. The warrant was paid on Oct 25, 2002. The TCCA suspended the writ after the Judge entered an ODI on the Judicial Bias issue. There was a recusal, the writ was forwarded, then dismissed. Then (2) Supplemental records were received, but never ruled on. The State confessed error.

(b) If you did not exhaust your state remedies on Ground Four, explain why: The TCCA suspended the writ after an ODI, and a confession of error from a conflicted office, accepting void pleadings then ignoring a remand motion from Applicant.

(c) **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue? ☐ Yes ☒ No

(2) If you did not raise this issue in your direct appeal, explain why: Post-Conviction Discoveries

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Writ of Habeas Corpus

Name and location of the court where the motion or petition was filed: Texas CCA, Austin Texas

Docket or case number (if you know): WR 95,934-02

Date of the court's decision: 9-24-2025

Result (attach a copy of the court's opinion or order, if available): Dismissed pursuant to 11.07 §4 (A),(C)

(3) Did you receive a hearing on your motion or petition? ☐ Yes ☒ No

(4) Did you appeal from the denial of your motion or petition? ☒ Yes ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☒ Yes ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: Texas CCA, Austin Texas

Docket or case number (if you know): WR 95,934-02

Date of the court's decision: 5-21-2025

Result (attach a copy of the court's opinion or order, if available): Denied

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

N/A

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four: Multiple requests for discovery have been made through Investigators, Lawyers, and family members for evidence.

13. Please answer these additional questions about the petition you are filing:

(a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction? ☒ Yes ☐ No

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them: N/A

(b) Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

N/A

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition? ☐ Yes ☒ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available. N/A

15. Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging? ☐ Yes ☒ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. N/A

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: Jeffrey T. Robnett

500 N. Laraine St., Midland, Texas 79701

(b) At arraignment and plea: Jeffrey T. Robnett

(c) At trial: Jeffrey T. Robnett

(d) At sentencing: Jeffrey T. Robnett

(e) On appeal: H.W. "Woody" Leverett Jr.

306 W. Wall St., Midland, TX 7901

(f) In any post-conviction proceeding: E. Jason Leach

521 N. Grant Ave., Odessa, TX 79761

(g) On appeal from any ruling against you in a post-conviction proceeding: N/A

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging? ☐ Yes ☒ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

N/A

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future? ☐ Yes ☒ No

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

Beginning in 2005, I began to receive letters form the complainant's mother. She then came to visit me and confessed perjury. In 2007-2008, she was unwilling to sign an affidavit. In 2008-2009, I retained counsel. Counsel hired several P.I's to find Lacy, who was with the complainant when the allegation was supposedly originated. Also, in 2010 counsel discovered a report by Nancy Piette who direct counsel had

obtained. In her report Corey was accused then fled. In 2011, Ralph Petty denied access. Applicant search for his wife who he was divorcing. Searched for Renee Johnson who was Trial Co-Counsel with only her first name. This case involved a MCSO family member and was investigated by the MCSO. The MPD had officers on Witness lists but claimed to have no file. I found out "Shanel" sent my brother texts in which she claims a "recantation". Covid-19; no phones, no visits. Then Petty's improprieties come to light. The County Attorney say file "misplaced". I request my visit records, denied. I had an expert review my trial transcripts, and propose an Affidavit in 2018-2019 I made another attempt to get an affidavit form "Shanel". I find my wife but she has terminal cancer. Applicant's brother-in-law was also needed for an affidavit, and was out of state. Applicant hired another investigator to locate Corey and also Applicant's brother who also was out of State. At one point trial counsel was indicted, and relevancy was sought. Multiple requests to district Attorney were ignored. The city attorney claimed no investigation exists from MPD. Applicant made numerous inquiries to discover these "other names". Applicant found habeas Appendix (A) in 2025 and the arrest reports, even in the face of this stonewalling Applicant has exhausted every conceivable remedy to discover evidence of his innocence and constitutional violations, MCSO denies reports, Pettys style discovered. ADA Rehg's attempt to mislead using Petty's Unique style and formatting on In re Otwell. Multiple undisclosed items discovered in 2025-2026 through the Tyler Oddessy Portal

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief: Reverse and remand this case, or dismiss the charges, or any other relief this court deems necessary. Hold a hearing and make the state produce this file and make a true record in the interest of justice, or take judicial notice of the states spoilage.

or any other relief to which petitioner may be entitled.

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on __________ (month, date, year).

Executed (signed) on __________ (date).

Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

PRIORITY MAIL
FLAT RATE ENVELOPE
POSTAGE REQUIRED

PRESS FIRMLY TO SEAL

UNITED STATES OF AMERICA FOREVER/USA

RECEIVED
JUL 16 2026
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY ________ DEPUTY CLERK

UNITED STATES POSTAL SERVICE. Retail

US POSTAGE PAID
$0.00
Origin: 79601
07/14/26
4800170604-09

PRIORITY MAIL®

2 Lb 13.60 Oz
RDC 03

EXPECTED DELIVERY DAY: 07/18/26

C091

SHIP TO:
STE 222
200 E WALL ST
MIDLAND TX 79701-5201

USPS TRACKING® #

9505 5116 5738 6195 6628 24

FROM:
Roy Steinke #1234350
Robertson Unit
12071 F.M. 3522
Abilene, Texas
79601

PRIVILEGED OFFENDER MAIL
NOT INSPECTED BY TEXAS
DEPARTMENT OF CRIMINAL
JUSTICE - CORRECTIONAL
INSTITUTIONS DIVISION

...e.
...estrictions apply.
...nd many international destinations.
...n form is required.
...claims exclusions see the
...ability and limitations of coverage.

To schedule free Package Pickup, scan the QR code.
USPS.COM/PICKUP

RECEIVED
JUL
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY ________ DEPUTY CLERK

PAPER POUCH
how2recycle.info

TO:
Clerk United States
District Court for
West Texas Midland/Odessa
200 E. Wall Room #
222
Midland, Texas
79701

2023
/2

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail® and Priority Mail International® shipments. Misuses may be a violation of federal law. This package is not for resale. EP14F © U.S. Postal Service; October 2023; All rights reserved.

UNITED STATES POSTAL SERVICE®

PRIORITY® MAIL

# FLAT RATE ENVELOPE

ONE RATE ■ ANY WEIGHT

CLERK United St

To schedule free Package Pickup, scan the QR code.

USPS.COM/PICKUP

TRACKED ■ INSURED

PS00001000014

EP14F October 2023
OD: 12 1/2 x 9 1/2

VISIT US AT USPS.COM®
ORDER FREE SUPPLIES ONLINE

For Domestic shipments, the maximum weight is 70 lbs. For international shipments, the maximum weight is 20 lbs.